# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND SOUTHERN
HIGHLANDS COMMUNITY
ASSOCIATION,
Appellants,
vs.
WELLS FARGO BANK, N.A.,
Respondent.

No. 70471

FILED

DEC 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a declaratory relief and quiet title action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

We conclude that the district court erroneously determined that the former homeowner cured the default by paying the HOA's agent (A&K) $1,115.79 on September 17, 2009, because A&K had informed the homeowner that if payment in that amount was not made by August 26, 2009, additional amounts would become due. As evidenced by A&K's October 20, 2009, letter, additional amounts had become due after August 26, 2009, meaning that the former homeowner remained in default even after the $1,115.79 payment. Accordingly, the district court erred in setting aside the ensuing foreclosure sale based on the perceived lack of default.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-908513

Respondent argues alternatively that because the former homeowner's $1,115.79 payment exceeded the defaulted superpriority portion of the HOA's lien, that portion of the lien was satisfied, thereby rendering the ensuing sale a subpriority-only sale. *Cf. Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 118-21 (2018) (recognizing that payment of the defaulted superpriority portion of an HOA's lien cures the default as to that portion of the lien such that an ensuing foreclosure sale does not extinguish the first deed of trust). The record does not support affirming on this basis. Assuming a homeowner can satisfy the default as to the superpriority portion of an HOA's lien,[2] the record does not establish that the HOA in this case allocated or had an obligation to allocate the former homeowner's payment in that manner.

We similarly decline to consider in the first instance respondent's remaining alternative arguments in support of affirmance. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ J.
Gibbons

_____ , J.
Hardesty

---

[2]This court's disposition in *Saticoy Bay LLC Series 2141 Golden Hill v. JPMorgan Chase, N.A.*, Docket No. 71246 (December 22, 2017, Order of Affirmance), was premised on this assumption, but the issue was undeveloped in that it had not been timely and coherently briefed.

cc: Hon. Susan Johnson, District Judge
Robert F. Saint-Aubin, Settlement Judge
Alverson Taylor & Sanders
Kim Gilbert Ebron
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
Snell & Wilmer, LLP/Reno
Eighth District Court Clerk